

**JAMES E. JOHNSON**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**INNA SHAPOVALOVA**
*Assistant Corporation Counsel*
Phone: (212) 356-2656
Fax: (212) 356-3509
Email: inshapov@law.nyc.gov

August 14, 2020

**BY ECF**
Honorable Steven Tiscione
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Houssam Elachkar v. City of New York, et al.
               19 CV 2172 (CBA) (ST)

Your Honor:

        I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney for defendants City of New York and New York City Police Department Officers Acquista and Lormestil (collectively "City defendants") in the above-referenced matter. For the reasons set forth below, City defendants respectfully request that this matter be dismissed for failure to prosecute.

        By way of background, on March 16, 2020 this Court granted City defendants' motion to compel and ordered plaintiff to provide defendants with executed § 160.50 and medical releases. To date, the plaintiff has not provided defendants with said executed releases. Furthermore, the plaintiff has failed to appear at three consecutive conferences, namely the telephone conferences held on April 22, 2020, June 10, 2020, and July 7, 2020. Prior to each of the above telephone conferences, the undersigned called the plaintiff at the telephone designated by plaintiff on the docket and left numerous voice messages providing him with the date, time, and call-in information.

        As Your Honor may recall, on July 7, 2020 and after the plaintiff failed to appear for three consecutive conferences and made no effort to contact the Court or defense counsel for several months, the Court ordered plaintiff to show cause in writing by July 31, 2020 as to why this case should not be dismissed for failure to prosecute. The Court further noted in the July 7th Order that, "if plaintiff does not contact the Court by July 31, 2020, the Court will have no choice but to recommend that the case be dismissed for failure to prosecute." Additionally, defense counsel was directed to serve a copy of the July 7, 2020 Court Order, via return receipt delivery, and file proof of service with the Court. (ECF No. 52)

Accordingly, on July 14, 2020, the undersigned mailed a copy of the July 7, 2020 Court Order, via return receipt delivery and via first class mail, to the mailing address designated by plaintiff on the docket. A certificate of service was filed with the Court on July 17, 2020. (ECF No. 53)

To date, upon information and belief, plaintiff has failed to comply with the Court's July 7th Order, and has made no contact with the Court or defense counsel in regards to the July 7, 2020 Court Order or for any other reasons.

In light of plaintiff's failure to comply with this Court's Order and his continued delay of this case, this Court should grant dismissal for failure to prosecute. Dismissal for lack of prosecution pursuant to Rule 41(b) is within the discretion of the Court and is governed by five considerations. Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). These factors include: (1) the duration of plaintiff's delay; (2) whether plaintiff was on notice that failure to prosecute his case would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001). Further, to dismiss a complaint for failure to prosecute under Rule 41(b), the plaintiff's delay need not be particularly long in duration. Graham v. Sullivan, No. 86 Civ. 0163 (WK), 1999 U.S. Dist. LEXIS 17172, at *5 (S.D.N.Y. Oct. 26, 1999) (stating that even a small delay on the part of the plaintiff may warrant a dismissal when part of a deliberate pattern of noncompliance).[1]

First, plaintiff's failure to timely comply with the Court's orders has unduly delayed the progress of this case. The plaintiff has failed to provide defendants with executed § 160.50 and medical releases as ordered by this Court on March 16, 2020. Without properly executed releases to review records from the New York City Police Department, District Attorney, Criminal Court, and without access to plaintiff's medical records, defendants cannot proceed with their investigation of the underlying incident and are consequently unable to move forward with this litigation.

Additionally, plaintiff's failure to attend three consecutive telephonic conferences, respond to this Office's numerous voice messages and phone calls prior to each said telephonic conference, or contact the Court pursuant to this Court's July 7th Order has further unduly delayed the progress of this case. Second, plaintiff was also on notice that failure comply with the Court's orders might result in dismissal, which was clarified in the Court's July 7th Order. (ECF No. 52)

Third, defendants are indeed likely to be prejudiced by further delay in the proceedings. Indeed, this Office cannot access plaintiff's New York City Police Department, District Attorney, Criminal Court, and medical records, a necessity to investigate the plaintiff's claims, without such releases. Defendants respectfully submit that denial of the instant motion would result in prejudice to the defendants by requiring them to continue to defend this action without the benefit of plaintiff's participation. Plaintiff has displayed an unwillingness to

---

[1] In accordance with Local Civil Rule 7.2, copies of all electronically published decisions are appended to the copy of this letter-motion served on plaintiff.

cooperate with both this Office and the Court by disregarding the Court's Orders and failing to provide this Office with the necessary outstanding § 160.50 and medical releases. This Office has already spent much time and effort managing this case; however, our defense of this matter cannot move forward without plaintiff's participation in the discovery process. Simply put, this Office cannot investigate plaintiff's claims and comply with its FED. R. CIV. P. 11 obligations if plaintiff continues to refuse to cooperate.

Fourth, failure to dismiss the case would continue to burden the Court's already overcrowded docket with a case that plaintiff has expressed little interest in moving forward. See Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 668 (2d Cir. 1980) ("fairness to other litigants . . . requires us to affirm and endorse the district court's [dismissal for failure to prosecute]" and recognizing that "[b]urgeoning filings and crowded calendars have shorn courts of the luxury of tolerating procrastination."). The obligation to move a case to trial is on plaintiff; thus, "dismissal is warranted where there is a lack of due diligence in the plaintiff's prosecution of the lawsuit by plaintiff." West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. 1990). Fifth, a sanction less than dismissal would be futile. Plaintiff has already failed to comply with two Court Orders. In addition, plaintiff's status as a *pro se* litigant also warrants dismissal as a sanction. Quiles v. Beth Isr. Medical Ctr., 168 F.R.D. 15, 19 (S.D.N.Y. 1996) ("Because the plaintiff is appearing *pro se*, this is not a case where monetary sanctions would be reasonable, nor can sanctions be imposed upon the plaintiff's lawyer.").

Plaintiff has not demonstrated his intent to meaningfully participate in the litigation of this case, and it should therefore be dismissed. Accordingly, City defendants respectfully request that the Court dismiss this matter for failure to prosecute.

Defendants thank the Court for its time and consideration.

Respectfully submitted,

/s/ *Inna Shapovalova*

Inna Shapovalova
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   **BY FIRST CLASS MAIL**
Houssam Elachkar
*Plaintiff pro se*
269 Skillman Avenue, #6009
Brooklyn, New York 11211

**BY ECF**
Peter Hongik Chang
*Attorney for Defendant New York City Transportation Authority and Metropolitan Transportation Authority*

- 4 -

## DECLARATION OF SERVICE BY MAIL

I, **INNA SHAPOVALOVA**, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on August 14, 2020, I served the annexed **MOTION FOR DISMISSAL FOR FAILURE TO PROSECUTE** upon Houssam Elachkar, *pro se* plaintiff in the matter, Houssam Elachkar v. City of New York, et al., No. 19 CV 2172 (CBA) (ST), by depositing a copy of same, enclosed in a first-class, postpaid, properly addressed envelope in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to the plaintiff in the address listed below, that being the address designated by plaintiff for that purpose:

    Houssam Elachkar, *Plaintiff pro se*
    269 Skillman Avenue, # 6009
    Brooklyn, New York 11211

Dated:    New York, New York
             August 14, 2020

                                                /s/ *Inna Shapovalova*

                                                Inna Shapovalova
                                                Assistant Corporation Counsel