**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
HOUSSAM ELACHKAR,

                Plaintiff,

                                          **REPORT AND**
                                          **RECOMMENDATION**

      -against-                                    19-CV-02172 (CBA) (ST)

CITY OF NEW YORK, et al.,

                Defendants.
-----------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

        On April 12, 2019, plaintiff Houssam Elachkar ("Plaintiff") commenced this action against defendants the City of New York (the "City"), New York City Transit Authority ("NYCTA"), Metropolitan Transit Authority ("MTA"), New York Police Department ("NYPD") Officer Mariarit Acquista ("Acquista"), and five John Doe NYPD officers. *See generally* Compl., ECF No. 1. On July 10, 2019, Plaintiff filed the Amended Complaint, adding as a defendant NYPD Officer Jean Lormestil ("Lormestil") and adjusting the number of John Doe defendants to four. *See generally* Am. Compl., ECF No. 20. Plaintiff alleges causes of action arising under the United States and New York State Constitutions, 42 U.S.C. §§ 1983, 1988, New York State law, and under theories of respondeat superior and municipal liability. *See id.* During a telephone conference held on July 7, 2020, this Court cautioned Plaintiff that failure to contact the Court by July 31, 2020 would result in a report and recommendation to the District Judge that the case should be dismissed for failure to prosecute. *See* Min. Entry July 7, 2020 Telephone Conference, ECF No. 52. Plaintiff did not contact the Court and on August 14, 2020, the City, Acquista, and Lormestil filed a Motion to Dismiss this matter for failure to prosecute. *See generally* Mot. Dismiss, ECF No. 54. The Honorable Carol Bagley Amon referred this Motion to the undersigned. For the following reasons, the Court respectfully recommends that the Motion be GRANTED.

    A. Background

        Plaintiff filed the Complaint on April 12, 2019 and the Amended Complaint on July 10,

2019, bringing causes of action as described above in response to events surrounding an incident at NYCTA's Brighton Beach Station on January 19, 2018. *See generally* Compl., Am. Compl. Summons were issued as to the City, MTA, NYCTA, and Acquista on April 16, 2019 and as to Lormestil on July 15, 2019. Summonses Issued, ECF Nos. 5, 22. Service was completed on Acquista on May 5, 2019 and on Lormestil on July 22, 2019. Summonses Returned Executed, ECF Nos. 6, 23.

On September 3, 2019, Plaintiff's then-attorney moved to withdraw as counsel and apprised the Court of his difficulty communicating with Plaintiff and Plaintiff's desire that he no longer represent Plaintiff. Mot. Withdraw Att'y, ECF No. 29. Following a motion hearing on October 3, 2019, which Plaintiff attended, the Court granted the Motion to Withdraw and provided Plaintiff with 60 days to retain a new attorney. Min. Order Oct. 3, 2019 Mot. Hr'g, ECF No. 35. Plaintiff appeared late to a status conference on December 3, 2019, without counsel, and the Court allowed Plaintiff additional time to retain an attorney. Min. Entry Dec. 3, 2019 Status Conference, ECF No. 39. At a status conference on January 17, 2020, Plaintiff, who appeared pro se, provided the Court with a letter from an attorney. Min. Entry Jan. 17, 2020 Status Conference, ECF No. 41. The letter indicated that the attorney had met with Plaintiff but had not yet determined whether he would accept representation of Plaintiff. *Id.* At a status conference on February 19, 2020, Plaintiff, who again appeared pro se, informed the court he had signed a release allowing his former attorney to release Plaintiff's records to Plaintiff's prospective attorney. Min. Entry Feb. 19, 2020 Status Conference, ECF No. 42. Plaintiff represented that the prospective attorney would decide whether to accept representation based on the records. *Id.* The Court directed Plaintiff to appear at the next conference, scheduled for April 22, 2020, unless a new attorney by then filed a notice of appearance on his behalf. *Id.*

On March 16, 2020, this Court granted Motions to Compel filed by the City, Acquista, and Lormestil. Electronic Order, Mar. 16, 2020. The Court directed Plaintiff to provide the defendants with releases pursuant to New York Criminal Procedure Law § 160.50 and HIPAA so that the defendants could obtain relevant records and the case could proceed. *Id.*

2

Plaintiff, pro se, failed to appear at the April 22, 2020 telephone conference. Min. Order Apr. 22, 2020 Telephone Conference, ECF No. 49. The defendants indicated that they had not been able to contact Plaintiff since the previous status conference. *Id.* Plaintiff again failed to appear at the next telephone conference, on June 10, 2020, and the defendants indicated that they had made numerous attempts to contact Plaintiff but had not received a response. Min. Entry for June 10, 2020 Telephone Conference, ECF No. 50. The Court directed Plaintiff to appear at the next telephone conference and cautioned that Plaintiff's failure to do so would result in sanctions. *Id.* Plaintiff again failed to appear for the July 7, 2020 telephone conference and the defendants again indicated their inability to contact Plaintiff, despite numerous attempts. Min. Entry for July 7, 2020 Telephone Conference. Given Plaintiff's recurring failure to appear, unavailability, and failure to contact either the defendants or the Court, the Court ordered Plaintiff to show cause in writing by July 31, 2020 why this action should not be dismissed for failure to prosecute. *Id.* The Court further cautioned Plaintiff that failure to show cause would result in this Court's recommendation that the case be dismissed for failure to prosecute. *Id.* Plaintiff did not contact this Court. The City, Acquista, and Lormestil filed a Motion to Dismiss for Failure to Prosecute. *See generally* Mot. Dismiss. Plaintiff has not responded.

### B. Analysis

Rule 41(b) of the Federal Rules of Civil Procedure explicitly authorizes a district court to dismiss a suit "[i]f the plaintiff fails to prosecute . . . ." Fed. R. Civ. P. 41(b); *see also Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (stating that district courts can dismiss cases pursuant to their inherent authority to control their docket). "[I]nvoluntary dismissal is an important tool for preventing undue delays and avoiding docket congestion." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962)). Thus, in appropriate circumstances, "a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Link*, 370 U.S. at 633.

Without a doubt, involuntary dismissal for failure to prosecute is a "harsh remedy" that

should be reserved for "extreme situations." *Lewis*, 564 F.3dd at 576 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). Thus, the Second Circuit has announced five factors (sometimes referred to as the "*Drake*" factors) relevant to whether involuntary dismissal is warranted in a given case:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). The Second Circuit has stressed that "[n]o one factor is dispositive," *U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, 415 F. App'x 316, 317 (2d Cir. 2011), and therefore this Court reviews all of the factors to provide a sufficient basis for the Court's disposition. *See Sigala v. Spikouris*, 345 F. App'x 636, 637 (2d Cir. 2009) (remanding where district court abused its discretion by failing to address the *Drake* factors, the evidence submitted by the plaintiff, or the Magistrate Judge's recommendation that the case be reopened after dismissal for failure to prosecute).

First, the delay has been of a "significant duration." Courts assessing this factor determine whether the plaintiff was the cause of the delay and whether the length of the delay is "significant" in the context of the case. *See Drake*, 375 F.3d at 255 (citation omitted). The factor weighs in favor of dismissal if the delays "are entirely attributable to plaintiff." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013). In this case, the delays are entirely attributable to the Plaintiff. Since his last appearance at the February 19, 2020 status conference, Plaintiff has seemingly refused to communicate with anyone regarding this case. The Plaintiff has not communicated with the Court or the defendants' counsel in more than twelve months, in defiance of multiple orders from this Court to do so. This includes the Plaintiff's most recent failure to contact the Court by July 31, 2020, as the Court ordered after Plaintiff failed to appear at the July 7, 2020 telephone conference.

Although there is no bright line, courts have found delays of a few months sufficient for

dismissal. *See Caussade v. United States*, 93 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing cases dismissing after delays as short as three months). Courts dismiss after shorter delays when the plaintiff becomes completely inaccessible or fails to prosecute his case entirely. *See Garcia v. City of New York*, No. 14-CV-4160 (NGG) (LB), 2016 WL 1275621, at *3 (E.D.N.Y. Mar. 31, 2016) (dismissing after party had become unreachable and "failed to carry out even the most basic tasks associated with prosecuting the case"); *Lopez v. Catholic Charities of Archdiocese of New York*, No. 00-CV-1247 (AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing after delay of three months where "plaintiff . . . failed to take *any* steps to prosecute this action for at least three months").

In this case, the Plaintiff has failed to make any affirmative act following the filing of his Amended Complaint in July 2019. Though the Court provided Plaintiff with ample opportunity to retain new counsel following his attorney's withdrawal in October 2019, Plaintiff has failed to do so. Further, Plaintiff has not communicated with the defendants' counsel or the Court since February 2020, despite attempts by the defendants to contact Plaintiff and the Court's March 2020 order that Plaintiff provide executed § 160.50 and HIPAA releases. As the record shows, and as the City, Acquista, and Lormestil indicate in their Motion, Plaintiff failed to attend three consecutive telephone conferences. *See* Mot. Dismiss at 2. Thus, using Plaintiff's last appearance in February 2020 for calculation purposes, the delay in excess of twelve months favors dismissal, especially given the fact that plaintiff has "failed to take *any* steps to prosecute this action . . . ." *See Lopez*, 2001 WL 50896, at *4.

Second, Plaintiff was given notice that dismissal was a possibility. Courts favor dismissal when plaintiff was notified of the possibility of dismissal, even though notice is not a prerequisite to dismissing an action. *See Caussade*, 293 F.R.D. at 630 (citing *Link*, 370 U.S. at 633 ("[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so[.]")). As stated above, in June 2020, the Court cautioned Plaintiff that failure to appear at the telephone conference scheduled for July 7, 2020 could result in sanctions. When Plaintiff failed to appear at that conference, the Court directed Plaintiff to contact the Court by

5

July 31, 2020 and warned Plaintiff that failure to do so would result in a recommendation that this case be dismissed for failure to prosecute. Plaintiff did not contact the Court as directed. Thus, Plaintiff was on notice. Given Plaintiff's notice, ample time to respond, and opportunity to contact the Court, this Court finds that the second factor favors dismissal.

Third, the defendants will be prejudiced by further delays. Typically, a court examining the third factor will examine the length of the delay to determine whether there is a rebuttable presumption of prejudice or whether there is a need to prove actual prejudice. *See id.* ("A rebuttable presumption that a defendant was prejudiced may arise where the delay was lengthy and inexcusable . . . . However, in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." (internal quotation marks and citations omitted)). "Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256 (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). Here, Plaintiff has neither appeared nor communicated with the defendants or this Court since February 2020. Despite the Court's order, Plaintiff has not furnished the defendants with the releases. The City, Acquista, and Lormestil contend that, without the releases, they cannot access Plaintiff's relevant records and thus cannot investigate his claims. *See* Mot. Dismiss at 2. In light of Plaintiff's apparent unwillingness to participate in this litigation, along with the complete absence of any excuse for the lengthy delay, this Court finds that the third factor favors dismissal.

Fourth, dismissal would seek the proper balance between expediency and the rights of the plaintiff. The fourth factor asks whether a district court has struck the proper "balance" between alleviating excess cases on the docket with the litigant's right to be heard. Courts look at whether a litigant has been given an opportunity "to be heard on the issue of failure to prosecute," *Martens v. Thomann*, 273 F.3d 159, 182 (2d Cir. 2001), and courts also consider the plaintiff's "interest in prosecuting [his] case." *Caussade*, 293 F.R.D. at 631. In this case, the Court should reduce docket congestion by dismissing the case. Plaintiff has shown no interest in litigating this case as he has essentially laid dormant for more than a year and failed to move the case forward. *See id.*

(dismissing where plaintiff was not in contact with counsel for approximately five months and failed to respond to requests to schedule a deposition). Furthermore, the Court ordered the Plaintiff to show cause in writing as to why this case should not be dismissed for failure to prosecute. Plaintiff failed to show cause. Accordingly, the fourth factor favors dismissal.

Finally, because the Plaintiff has shown no interest in litigating his case, there is no efficacious option but dismissal. Courts generally ask whether "lesser sanctions would [be] sufficient to remedy any prejudice resulting from plaintiff's delay." *Drake*, 375 F.3d at 257 (citations omitted). "[D]istrict courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *Caussade*, 293 F.R.D. at 631 (quoting *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010)). Courts consistently find that dismissal is appropriate where a plaintiff has disappeared. *See id.* (citing cases); *see also Garcia v. City of New York*, 2016 WL 1275621, at *4. Here, the Plaintiff has effectively disappeared, as he has not communicated with the defendants' counsel or the Court, despite repeated attempts by the defendants' counsel to contact the Plaintiff and orders by this Court to appear and to show cause. In such circumstances, dismissal is the appropriate remedy. *See Shannon v. General Elec. Co.*, 186 F.3d 186, 195–96 (2d Cir. 1999) (affirming dismissal where the plaintiff failed to respond after the district court "gave [the plaintiff] specific notice that his case had been placed on the dismissal calendar, directed him to file an affidavit 'as to why the action should not be dismissed,' and gave him an opportunity to respond both in writing and during a telephone conference"). The final factor favors dismissal.

### C. Conclusion

This Court finds that all five of the *Drake* factors favor dismissal. I recommend that the District Court GRANT the Motion to Dismiss filed by the City, Acquista, and Lormestil. For the same reasons, I recommend that Plaintiff's claims be dismissed against MTA and NYCTA.[1] In

---

[1] The Court notes that, early in this action, MTA and NYCTA together filed cross-claims alleging that the City and Acquista will be primarily liable for any recovery Plaintiff obtains against MTA and NYCTA. Answer and Cross-Claim ¶¶ 32-33, ECF No. 8. This Court's finding that the instant action should be dismissed for failure to prosecute renders moot MTA and NYCTA's cross-claims.

sum, I recommend that the District Court DISMISS the instant action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[2]  Counsel for the defendants are directed to immediately forward a copy of this R&R to the Plaintiff at his last known address and file proof of service with this Court.

### D. Objections to this Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals.  *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x. 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x. 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

            /s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
       March 3, 2021

---

[2] *See Garcia*, 2016 WL 1275621, at *4 (dismissing with prejudice); *Caussade*, 293 F.R.D. at 631–32 (same).