Case 1:19-cv-02172-CBA-ST   Document 56   Filed 03/25/21   Page 1 of 2 PageID #: 306

Clerk's Office
Filed Date: 3/25/21

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HOUSSAM ELACHKAR,

                Plaintiff,

-against-

CITY OF NEW YORK, et al.

                Defendants.
-----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
19-CV-02172 (CBA) (ST)

**AMON, United States District Judge:**

On April 12, 2019, plaintiff Houssam Elachkar ("Plaintiff") brought this action against defendants the City of New York, New York Transit Authority, Metropolitan Transit Authority, New York City Police Department ("NYPD") Officer Mariarit Acquista, and five John Doe NYPD Officers (together, the "Defendants"). (See ECF Docket Entry ("D.E.") # 1.) Plaintiff brought causes of action pursuant to 42 U.S.C. §§ 1983, 1988, and New York State law. On July 10, 2019 Plaintiff filed an Amended Complaint naming NYPD Officer Jean Lormestil as a defendant and reducing the number of John Doe defendants to four. (D.E. # 20.) Plaintiff thereafter failed to appear at three consecutive conferences, (see D.E. ## 49, 50, 52), or respond to any attempts to contact him for over a year, (see D.E. #55 at 4). After being cautioned[1] by the Honorable Steven Tiscione, United States Magistrate Judge, that his failure to contact the Court by July 31, 2020 would result in a recommendation of dismissal for failure to prosecute, Plaintiff failed to do so.

---

[1] Plaintiff failed to appear at the July 7, 2020 conference before Magistrate Judge Tiscione. (See D.E. # 52.) The minute order for that conference, which was served on Plaintiff by mail to the last address Plaintiff had provided to the Court, (see D.E. # 53), stated that "[i]f Plaintiff does not contact the Court by July 31, 2020, the Court will have no choice but to recommend that the case be dismissed for failure to prosecute." (D.E. # 52.) Since it appears that Plaintiff did not appear at the July 7, 2020 conference, I decline to adopt the portion of Magistrate Judge Tiscione's report and recommendation that provides that "[d]uring a telephone conference held on July 7, 2020, this Court cautioned Plaintiff that failure to contact the Court by July 31, 2020 would result in a report and recommendation . . . that the case should be dismissed for failure to prosecute." (D.E. # 55 at 1 (emphasis added).) However, the fact that Plaintiff was cautioned that further failure to communicate would result in a recommendation of dismissal by mail rather than by telephone does not undermine Magistrate Judge Tiscione's thorough analysis or well-reasoned conclusion that dismissal is warranted here.

(See D.E. ## 52, 54.) Defendants thereafter filed a motion to dismiss for failure to prosecute, which was referred to Magistrate Judge Tiscione for report and recommendation ("R&R"). (D.E. dated 8/18/2020.) The motion to dismiss was served on Plaintiff by mail, (see D.E. # 55 at 4), but Plaintiff failed to respond. On March 3, 2021, Magistrate Judge Tiscione issued a thorough and well-reasoned R&R recommending that Defendants' motion be granted and that the action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (D.E. # 55.)

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted).

The Court has reviewed the record and, with the exception noted in footnote 1, supra, finds no clear error and adopts the R&R. Accordingly, the Court orders that this action be dismissed with prejudice for Plaintiff's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is respectfully directed to enter judgment accordingly and close the case.

SO ORDERED.

Dated: March 25, 2021
      Brooklyn, New York                           __/s/ Carol Bagley Amon_____
                                                            Carol Bagley Amon
                                                            United States District Judge